**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| MARLENA ROSADO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARRY UNIVERSITY, INC,<br><br>Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Marlena Rosado ("Ms. Rosado"), on behalf of herself and all others similarly situated, hereby brings this Class Action Complaint against Defendant Barry University, Inc. ("Barry University" or "Defendant"). Ms. Rosado makes the following allegations based upon actual knowledge as to her own acts, and upon information and belief, including the investigation of her attorneys, as to all other matters.

## NATURE OF THE ACTION

1. There is no question that classroom learning—and all of the experiences that come with on-campus education—is more valuable to the student than online learning. Students and their families pay—and borrow—hundreds of thousands of dollars for the on-campus college experience because it provides the students the opportunity to engage directly with their professors, to meet and share experiences with diverse and accomplished individuals from around the world, to join student clubs, to build professional networks, and to experience the campus environment. Online learning offers none of these opportunities—and carries few of the massive expenses associated with live classroom learning. For these reasons, schools like Barry University offer online degree programs at substantially reduced rates; and yet many students expend tens of thousands of dollars to attend private colleges and universities instead of enrolling in online college courses. In the spring of 2020, these choices were taken away from students at Barry University.

2. In March 2020, in response to the outbreak of the SARS-CoV-2 virus, the virus that

causes the COVID-19 disease (the "COVID-19 pandemic"), Barry University, like many other universities, moved all learning online for the remainder of the Spring 2020 semester and required students living in on-campus housing to move out and leave campus.[1]

3. As a result, all on-campus classes, housing, dining, and other services and amenities are no longer available to the students.

4. Despite the harsh reality that students could no longer live and learn on campus, Barry University refused to refund the fees tied to services and/or amenities, housing, and meal plans only available to those living on campus and attending Barry University in person. In addition, by requiring students to pay (and many to borrow) full tuition for the Spring 2020 semester, Barry University did not take into account the diminution in value of the education the school is now offering compared to what students were promised.

5. Accordingly, the students have lost (and continue to lose) the benefits of the bargain for services and education they paid for but can no longer access or use.

6. Barry University has left its students, many of whom have borrowed huge sums to obtain an on-campus education, with the burden of finding alternate living arrangements to take classes remotely, while retaining the students' money that the students need to pay for alternative living arrangements, expenses, or to pay down their student loans.

7. While partial refunds for services not provided will not replace the lost on-campus experience, they would provide Ms. Rosado and the putative Class members with some financial relief as many prepare to graduate into a depressed job market.

8. In some instances, Barry University offered future credit to students. But this is a grossly inadequate (and unlawful) remedy as it does not excuse Barry University's performance under its contracts. Furthermore, Barry University is unjustly enriched as it will reap the consequential benefits of revenue while students are deprived of much needed cash for alternate housing and cost of living expenses.

---

[1] There was an exception made for students unable to leave campus.

9. It cannot be disputed that the circumstances underlying this legal action are unfortunate and unprecedented. However, the students did not choose this circumstance, and they certainly did not agree to pay for tuition, on-campus housing, meal plans, and fees when learning remotely without the use of the services for which they paid handsomely.

10. It is, therefore, unfair and unlawful for Barry University to retain tuition, fees, and costs for services not being provided and to pass the losses on to the students and their families.

11. Accordingly, Barry University has improperly retained monies paid by Ms. Rosado and the other putative class members for (1) student accident insurance, student health fees, technology fees, and other fees charged by and known to Defendant (the "Fees"); (2) on-campus housing and meal plans the students no longer have access to; and (3) the reduced value of tuition for online classes, while not providing Ms. Rosado and the other putative class members the benefits for which they paid. Barry University's retention of these funds is unlawful and unfair.

12. Ms. Rosado brings this class action for damages, restitution, and declaratory relief resulting from Barry University's retention of the full tuition, on-campus housing, meal plans, and Fees paid by Ms. Rosado and the other putative class members for services not being provided. Specifically, this lawsuit seeks disgorgement of the pro-rated, unused amounts of the Fees, on-campus housing, and meal plans that Ms. Rosado and other putative class members paid, but for which they (or the students on behalf of whom they paid) will not be provided the benefit, as well as a partial tuition reimbursement to compensate for the diminished value of remote instruction along with the portion of the tuition that funds on-campus services, facilities, and extra-curricular activities that ceased when Barry University closed the campus.

## PARTIES

13. Ms. Rosado is a Connecticut citizen, residing in New Britain, Connecticut. She is a Barry University undergraduate student who has been forced to vacate campus and return home. She is in her first year at Barry University, classified as a sophomore because of college credits earned in high school. She took out student loans that were used to pay Barry University for her tuition, on-campus housing, meal plan, and Fees for the Spring 2020 semester.

14.     Ms. Rosado enrolled at Barry University for the "Spring 2020 semester," which was scheduled to run from approximately January 8, 2020 through May 8, 2020; and she lived in on-campus housing beginning in January 2020. Ms. Rosado paid for the cost of on-campus housing and meal plan for the entire Spring 2020 semester. Ms. Rosado moved out of on-campus housing in March 2020, as required by Barry University's order that students vacate campus unless it was not possible for them to do so. Ms. Rosado has not resided in on-campus housing since she left campus in March 2020, nor has she had access to her on-campus meal plan. Ms. Rosado also paid Fees for the entire Spring 2020 semester, the benefits of which she lost because Barry University required her to move off campus.

15.     Defendant Barry University, Inc. is a Florida not for profit corporation with its principal place of business located in Miami, Miami-Dade County, Florida.

## JURISDICTION AND VENUE

16.     The Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interests and costs, and is a class action in which Ms. Rosado and one or more of the other Class members are citizens of a State different from the Defendant. Namely, Ms. Rosado is a citizen of Connecticut, and Defendant is citizen of Florida.

17.     This Court has personal jurisdiction over Defendant because its principal place of business is within this District.

18.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), because Defendant's principal place of business is within this District and the acts and omissions complained of occurred within this district.

## FACTUAL ALLEGATIONS

**I.      The On-Campus Education**

19.     Students enrolling in Barry University's on-campus programs and choosing to live in on-campus housing do so because it enhances and contributes to the overall educational experience—and it comes with a significant cost embedded in the price of tuition. Students

choosing an on-campus learning environment pay for the opportunity to have in-person classes with direct interaction with faculty and on-campus amenities and activities, including the dormitory experience, dining hall, library, gym, pool, sporting events, and other extra-curricular activities.

20. Barry University promises that "[n]o matter what undergraduate or graduate degree program you choose, you gain hands-on experience and apply what you learn in the classroom to a rapidly changing world. . . . You choose from a full array of campus activities that allow you to have fun, make friends, and develop your talents."[2] Barry University also recognizes that "living on campus is not just part of the full college experience; it has a direct and positive impact on your success as a student."[3] The school further emphasizes:

> At Barry, an education is far more than classrooms and tests; learning comes from everything around you. As a Barry student, you'll find a lot of ways to take your education beyond the classroom. You'll find a nurturing campus that helps to make sure that your time at Barry is a successful one.[4]

21. Ms. Rosado and similarly situated students did not pay for online courses in a remote learning environment.

22. Several studies have shown that online learning is not as effective as traditional, in-person instruction. For example, a study from the Community College Research Center which compared online and face-to-face course outcomes found that "failure and withdrawal rates were significantly higher for online courses than for face-to-face courses."[5] Those that completed the online courses received poorer grades than students who attended in person.[6] The study concluded that "online courses may exacerbate already persistent achievement gaps between student

---

[2] https://www.barry.edu/ (last accessed April 28, 2020).
[3] https://www.barry.edu/about (last accessed April 28, 2020).
[4] https://www.barry.edu/about/overview (last accessed April 28, 2020).
[5] Community College Research Center, *What We Know About Online Course Outcomes*, Research Overview 2 (April 2013), https://ccrc.tc.columbia.edu/media/k2/attachments/what-we-know-about-online-course-outcomes.pdf.
[6] *Id.* at 3. Adding controls for student socioeconomic and educational characteristics increased the negative outcomes associated with online learning. *See id.* at 4.

subgroups."[7] Another study that compared outcomes for students in California community colleges also concluded that "in the short term, course by course, student outcomes are worse in online courses than in traditional courses."[8]

23. Barry University has recognized this reality in touting the benefits of living in on-campus housing:

> Residing on campus within the campus community is an extremely vital aspect of a student's personal and educational development. Research on this experience continues to indicate that students who live on campus tend to attain higher GPAs, have a higher satisfaction with their college experience, are more involved in campus activities, experience greater personal growth and are less likely to drop out. The residential experience contributes significantly to a student's education. To support this educational development of students both inside the classroom and within the residential facilities Barry University has made living on campus part of its educational design.
>
> All new fulltime undergraduate students are required to live on campus for their first academic year. Exceptions to this policy are those who reside with their parents or guardians within Miami-Dade or Broward County or students in the School of Professional And Career Education. The university does encourage new students from Miami-Dade and Broward County to live on campus.[9]

24. Faculty, academic leaders, employers, and the public remain skeptical about the value of online education.[10] In 2013, a Gallup poll found that "Americans' overall assessment of internet-based college programs is tepid at best." The majority of Americans found internet-based college programs as "only fair" or "poor."[11]

25. In ten national surveys of chief academic officers by the Babson Survey Research

---

[7] *Id.* at 6.
[8] Hans Johnson and Marisol Cuellar Mejia, *Online Learning and Student Outcomes in California's Community Colleges*, Public Policy Institute of California 1 (May 2014), https://www.ppic.org/content/pubs/report/R_514HJR.pdf.
[9] https://www.barry.edu/housing/living-on-campus/residency-requirements.html (last accessed April 28, 2020).
[10] I. Elaine Allen, *et al.*, *Online Report Card: Tracking Online Education in the United States*, Babson Survey Research Group & Quahog Research Group, LLC 9 (Feb. 2016), https://onlinelearningsurvey.com/reports/onlinereportcard.pdf.
[11] *See* Lydia Saad, *et al., In U.S. Online Education Rates Best for Value and Opinions; Viewed as Weakest in Terms of Trusted Grading and Acceptance by Employers*, Gallup (Oct. 15, 2013), https://news.gallup.com/poll/165425/online-education-rated-best-value-options.apx.

Group during the 2002-2015 period, no more than a third reported that their faculty "accept the value and legitimacy of online education."[12] In a 2012 survey of over 4,500 faculty, two thirds reported that learning outcomes for online courses are "inferior or somewhat inferior" when compared to face-to-face courses; with only 6% reporting outcomes for online instruction as "superior or somewhat superior."[13]

26. The Chronicle of Higher Education has also found that online colleges ranked last in terms of "employer desirability of college type"; indeed, online programs were the only type of college found to be undesirable.[14] And a 2013 study found that over half of employers prefer "a job applicant with a traditional degree from an average school over an applicant with an online degree from a top university (just 17 percent say they'd prefer the latter)."[15] Thus, students who receive a significant portion of their instruction online, or earn their degrees from an online program, will have "limited labor market opportunities as long as these strong views persist among employers."[16]

27. It is thus no surprise that online educational programs, including the online degree programs offered by Barry University are offered at substantially discounted prices relative to in-person instruction. At Barry University in particular, tuition for the school's undergraduate online program is 75% less per credit than its in-person undergraduate tuition. *See infra*.

II. **Barry University Orders Students Home in Response to the COVID-19 Outbreak**

28. Before beginning the Spring 2020 semester in January 2020, Ms. Rosado paid $22,026.00 to Barry University to cover her Spring 2020 tuition, on-campus housing, meal plan,

---

[12] I. Elaine Allen, *et al., supra* note 10 at 6.
[13] I. Elaine Allen, *et al.*, *Conflicted: Faculty and Online Education, 2012*, Babson Survey Research Group & *Inside Higher Ed* (Feb. 2012), https://files.eric.ed.gov/fulltext/ED535214.pdf.
[14] *The Role of Higher Education in Career Development: Employer Perceptions*, Chronicle of Higher Education (Dec. 2012),https://chronicle-assets.s3.amazonaws.com/5/items/biz/pdf/Employers%20Survey.pdf.
[15] Public Agenda, *Not Yet Sold: What Employers and Community College Students Think About Online Education* (Sept. 13, 2013), https://www.publicagenda.org/reports/not-yet-sold-what-employers-and-community-college-students-think-about-online-education/.
[16] *Id.*

and Fees.

29.     Spring 2020 semester classes at Barry University began on or about January 8, 2020 just like any other semester, with Ms. Rosado attending her classes in-person and on campus. Final exams for the semester are scheduled to end on or about May 8, 2020.

30.     However, on March 12, 2020, Barry University, apparently in alignment with the decision made by the Florida Board of Governors for the State University system, announced that starting Thursday, March 19, 2020, Barry University would begin remote instruction for all face-to-face academic and laboratory courses.[17] Barry University also required students who lived in on-campus housing to move out of their residence halls on or about March 16, 2020. Residence halls were closed to all except those students who were unable to return home and requested permission to stay—all other students were urged to return home immediately.[18]

### III. Despite Closure of Campus, Students Are Being Charged Full Cost for Tuition, On-Campus Housing, Meal Plans, and Other Fees

31.     Ms. Rosado and other Class members paid tuition for on-campus, in-person instruction for the Spring 2020 semester. Additionally, Ms. Rosado and other Class members paid Fees, on-campus housing costs, and meal plan costs. Yet, Barry University has not refunded Ms. Rosado and Class Members the on-campus housing, meal plan, or Fees they paid, but are no longer able to use. Nor has Barry University refunded Ms. Rosado or other Class members the difference in cost between the in-person education they were promised and paid for and the online education they are receiving, despite Barry University's own recognition of the difference in value between the two given that it offers online degree programs at highly discounted rates.

32.     Rather, the only thing Barry University has done is post a "COVID-19 Move-Out Credit" of $1,060 to Ms. Rosado's account, which is nowhere close to what she paid for the classes, on-campus activities, on-campus housing, meal plan, and Fees that she is no longer receiving.

---

[17] A Message from President Mike Allen Regarding Remote Instruction, Barry University, available at https://www.barry.edu/prepare/ (last accessed April 28, 2020).
[18] Coronavirus Disease 2019 (COVID-19) Update #5, available at https://www.barry.edu/prepare/ (last accessed April 28, 2020).

Barry University has not even replied to a request on behalf of Ms. Rosado for a full and fair refund of the unused amounts of her housing, meal plan, and Fees. Instead, Barry University apparently expects its students to shoulder the financial brunt of the COVID-19 pandemic alone, notwithstanding that students are the worst positioned to be able to do so.

33.     Indeed, more than two thirds of students graduate college with student loan debt.[19] Student loan debt has ballooned to nearly $1.56 trillion dollars, with the average student loan debt for the class of 2018 at $29,200.[20]

34.     The average borrower must spend hundreds of dollars per month repaying student loans—averages range from $300 to nearly $600 across surveys—and many borrowers struggle to repay their loans.[21] It is therefore unsurprising that over 10% of borrowers default on their loans.[22] Even among borrowers who remain current on their payments, a 2019 survey found that student-debt holders spent 20% of their take-home pay on their student loans—reducing the amount they can save for retirement, a down payment on a home, unexpected medical expenses, to care for elderly relatives, and other expenses and emergencies.[23]

35.     Moreover, students graduating in 2020 will struggle as they face an abysmal job market, whether or not they took out loans to fund their education. Students have already lost jobs in campus or in their college towns, as well as internships that help them build their resumes, due

---

[19] Abigail Hess, *Here's how much the average student loan borrower owes when they graduate*, CNBC (May 20, 2019), https://www.cnbc.com/2019/05/20/how-much-the-average-student-loan-borrower-owes-when-they-graduate.html.

[20] Zack Friedman, *Student Loan Debt Statistics in 2020: A Record $1.6 Trillion*, Forbes (Feb. 3, 2020), https://www.forbes.com/sites/zackfriedman/2020/02/03/student-loan-debt-statistics/#3d6a9b45281f.

[21] Nigel Ohiwaya, *These five charts show how bad the student loan debt situation is*, NBC News (April 24, 2019), https://www.nbcnews.com/news/us-news/student-loan-statistics-2019-n997836; *see also* Abigail Hess, *Survey finds that student debt holders spend 20% of their take-home pay on loans*, CNBC (Aug. 8, 2019), https://www.cnbc.com/2019/08/08/student-debt-holders-spend-20percent-of-their-take-home-pay-on-loans.html.

[22] *Id.*

[23] Hess, *Survey finds that student debt holders spend 20% of their take-home pay on loans*, *supra* note 21.

to the pandemic.[24] Now they are preparing to enter a workforce at a time when 22 million are filing for unemployment. The Class of 2020 is graduating into the worst job market in a generation, and there is no telling how long it will take for the country to recover.[25]

36. Yet there has been no indication that the federal government or private lenders will forgive student loans simply because student borrowers saw their educations disrupted by the pandemic and will likely struggle to pay off their student loans. And it would be manifestly unjust that students like Ms. Rosado should have to shoulder this burden when they have not even received the benefit of the bargain for which they took out those loans in the first place.

### A. Tuition

37. Barry University offers an in-person, hands-on curriculum. Ms. Rosado and the putative class members paid for in-person classes and to otherwise receive an all-encompassing "life on-campus" experience.

38. Thus, Ms. Rosado and Class members paid Barry University for, and Barry University, in turn agreed to provide, services including:

 a. Face to face interaction with professors, mentors, and peers;
 b. Hands-on learning and experimentation;
 c. Networking and mentorship opportunities;
 d. Access to on-campus facilities such as computer labs, libraries, study rooms, and laboratories;
 e. Student government and student unions;
 f. Extra-curricular activities, groups, and intramurals; and
 g. Student culture, student development, and other similar activities.

39. Ms. Rosado and other Class Members paid tuition, the value of which has now been

---

[24] Alina Selyukh, *et al.*, *Graduating In a Pandemic: Advice for the Anxious Post-College Job Search*, NPR (April 16, 2020), https://www.npr.org/2020/04/16/831757428/graduating-in-a-pandemic-advice-for-the-anxious-post-college-job-search.

[25] *See, e.g.*, Megan Webber, *"It's not going very well:" The Class of 2020 searches for a job amid a pandemic that has crippled the economy*, The Denver Post (April 19, 2020), https://www.denverpost.com./2020/04/19/2020-college-graduates-job-search-colorado-coronavirus/.

severely diminished, as well as Fees for the Spring 2020 semester.

40.     Tuition at Barry University for a full-time undergraduate student is $15,300.00 per semester for between 12-18 credits.[26] This equates to an average of $1,020 (or between $850 to $1,275 per credit), with each additional credit above 18 charged at $955. By contrast, Barry University charges $247 per tuition credit for all of its online undergraduate programs.[27] This represents a 75% difference translating to approximately $773 more per credit, for a total of $11,595 more per full time student taking 15 credit hours of in-person classes.

41.     Similarly, tuition for master's level graduate programs at Barry University is charged at $990.00 per credit, along with a Technology Fee of $5.00 per credit.[28] By contrast, Barry University's online business masters programs are approximately half the cost.[29]

42.     As the research indicates, students who are forced to attend classes online, rather than in person, are unlikely to receive the same quality of education and experience as they would from online instruction. This has been borne out in Ms. Rosado's personal experience.

43.     For example, Ms. Rosado has found the lack of first-hand access to her teachers and advisors difficult as they are less accessible remotely than they were when she was on campus. Classes have been canceled or shortened due to technical glitches. One professor has commented that he does not have access to the materials he needs to teach his class because he has not been able to get back onto Barry University's campus to retrieve them. And critical hands-on instructional experiences and interactions that complement pure lecture time—such as role playing with other students to develop social work interview skills—has not been replaced with similarly complimentary remote learning tools.

### B. Fees

---

[26] Tuition, Barry University, available at https://www.barry.edu/future-students/undergraduate/admissions/tuition-and-fees.html (last accessed April 28, 2020).
[27] https://online.barry.edu/online/degrees/#ung (last accessed April 28, 2020).
[28] Tuition, Barry University, available at https://www.barry.edu/future-students/undergraduate/admissions/tuition-and-fees.html (last accessed April 28, 2020).
[29] https://online.barry.edu/online/degrees/#bus (showing tuition of $19,800 (including fees) for 36 credits, which translates to $550 per credit) (last accessed April 28, 2020).

44. On top of tuition, mandatory fees for undergraduates at Barry University include:[30]

    a. Technology Fee - $75.00 per semester;

    b. Student Accident Plan - $22.00 per semester;

    c. Student Health Services Access Plan - $60.00 per semester;

    d. Lab and Materials Fees – variable.[31]

45. Graduating undergraduate seniors and graduate students at Barry University were also required to pay a $200 fee related to commencement, and graduating PhD and Law Students were required to pay a $250 fee related to commencement.[32] Although commencement has since been cancelled; Barry University has not refunded students the associated fees.

### C. Housing and Meal Plan

46. For students who live in on-campus housing, housing costs at Barry University for the Spring 2020 semester are as follows:[33]

    a. Room Deposit (mandatory) – $200.00;

    b. Single Bedroom with a Private Bath – $4,665.00;

    c. Single Bedroom with a Shared Bath – $4,445.00;

    d. Single Bedroom with a Community Bath – $4,230.00;

    e. Double Bedroom with a Private Bath – $3,580.00;

    f. Double Bedroom with a Shared Bath – $3,390.00;

    g. Double Bedroom with a Community Bath – $3,145.00.

47. Additionally, Resident students (i.e. those living in on-campus housing) were

---

[30] *See supra* note 28.
[31] The fees listed and described in the paragraphs above are provided by way of example only and do not include those not yet known to Ms. Rosado.
[32] *Id.*
[33] Housing Fees, Barry University, available at https://www.barry.edu/future-students/undergraduate/admissions/tuition-and-fees.html (last accessed April 28, 2020); Housing Rates, Barry University, available at https://www.barry.edu/housing/how-apply-housing/housing-rates.html (last accessed April 28, 2020).

required to pay for Residential Meal Plans, each costing $2,195.00 per semester.[34]

48. Ms. Rosado lives in a Double Bedroom with a Shared Bath, and paid $3,390.00 for the Spring 2020 semester. She paid $2,195.00 for her selected 14-meal per week plan.

49. Given the March 16, 2020 closure of Barry University's campuses, Ms. Rosado, and other students similarly situated, lost approximately half of the Spring 2020 semester's on-campus classes and activities, housing, and meals.

### D. Students Are Experiencing Significant Losses, in Many Cases of Borrowed Funds as a Result of Defendant's Conduct

50. At Barry University, 71.0% of incoming students take out a loan to help defray freshman year costs, averaging $6,115.[35]

51. At Barry University, 59.0% of all undergraduate students (including freshmen) utilize federal student loans to help pay for their college education, averaging $8,334 per year.[36]

52. Ms. Rosado's student account shows a credit in the amount of $1,060.00 toward future expenses, made unilaterally by Barry University. However, this credit is inadequate, because Ms. Rosado and the other Class members are entitled to a refund and the use of their money now. Moreover, the credit is inadequate because it only reflects a small fraction of the refund Ms. Rosado and others similarly situated are owed.

53. In addition, many students like Ms. Rosado, could use the cash refunds to pay expenses or to pay the interest on their student loans to lessen their already crushing student debt. Barry University is, in effect, forcing its students to give it an interest-free loan using money that they could use for alternative housing, meals, and other essential living expenses. Many of those students must pay interest to the federal government or private lenders on student loans.

54. With the academic instruction now entirely online, Ms. Rosado and Class members

---

[34] Resident Meal Plan, Barry University, available at https://www.barry.edu/dining-services/residential-meal-plan-options.html (last accessed April 28, 2020).
[35] https://www.collegefactual.com/colleges/barry-university/paying-for-college/student-loan-debt/ (last accessed April 28, 2020).
[36] *Id.*

have been and continue to be deprived of the benefits of on-campus learning as set forth above. Yet, Barry University has refused to refund any portion of the tuition, which is not worth as much as Ms. Rosado and Class members paid under the assumption of an on-campus experience.

55. Barry University has thus retained the value of the monies paid by Ms. Rosado and the other Class members for tuition, Fees, on-campus housing, and meal plans for the Spring 2020 semester, while failing to provide the services for which those monies were paid.

56. Through this lawsuit, Ms. Rosado seeks for herself and the other Class members: (i) Defendant's disgorgement of the pro-rated, unused portion of all Fees, on-campus housing, and meal plans for the Spring 2020 semester, proportionate to the amount of time that remained in the Spring 2020 semester when classes moved online and corresponding campus services ceased being provided (approximately half of the Spring 2020 semester); and (ii) a pro-rated tuition reimbursement to compensate for the diminished value of remote instruction and the portions of the tuition attributable to access on-campus facilities and extra-curricular activities of which students are no longer receiving the benefit. Ms. Rosado seeks return of those amounts on behalf of herself, and the Class members as defined below.

## CLASS ACTION ALLEGATIONS

57. Ms. Rosado brings this action on behalf of herself and a proposed Rule 23(b)(3) nationwide class (the "Class") defined as follows:

> All students who paid, or other persons who paid on a student's behalf, Barry University any of the following costs for the Spring 2020 semester: (a) tuition, (b) Fees, (c) on-campus housing, and/or (d) meal plans (the "Class").

58. Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Class are any judicial officer presiding over this matter, members of their immediate family, and members of their judicial staff, and any Judge sitting in the presiding court system who may hear an appeal of any judgment entered.

59. Ms. Rosado reserves the right to amend or modify the Class definition with greater specificity or division after having had an opportunity to conduct discovery.

60. The Class meets the criteria for certification under Rule 23(a), (b)(3), and (c)(4).

61. **Numerosity.** The members of the Classes are so numerous that individual joinder of all class members is impracticable. Although the exact number of members of the Class and Subclass is unknown to Ms. Rosado at this time and can be ascertained only through appropriate discovery, based on the enrollment numbers of the Defendant, there are likely thousands of class members. Barry University enrolls thousands of students each semester.

62. **Commonality and Predominance.** This action involves common questions of law and fact that will drive the litigation and predominate over any questions affecting only individual class members. Common questions include, but are not limited to:

   a. Whether Defendant engaged in the conduct alleged herein;

   b. Whether Defendant breached its contracts with Ms. Rosado and other Class members by not refunding them a pro-rated amount of their tuition, on-campus housing and meal plan, and/or Fees on account of the closure of Defendant's campuses in the Spring 2020 semester;

   c. Whether Defendant was unjustly enriched by retaining on-campus housing and meal plan payments of Ms. Rosado and other Class members while requiring students to move out of their on-campus housing;

   d. Whether Defendant was unjustly enriched by retaining Fees of Ms. Rosado and other Class members without providing the services that the Fees were intended to cover;

   e. Whether Defendant was unjustly enriched by not refunding Ms. Rosado and other Class members a pro-rated amount of their tuition to account for the difference in value between online and in-person education;

   f. Whether certification of the Class is appropriate under Rule 23; and

   g. The amount of damages incurred by Ms. Rosado and the Class members.

63. **Typicality.** Ms. Rosado's claims are typical of those of the other class members because Ms. Rosado and Class members each paid for certain costs associated with the Spring

2020 semester at Barry University but were not provided the services that those costs were meant to cover. Ms. Rosado and other Class members suffered damages–the loss of their tuition, on-campus housing and meal plan, and Fees paid – as a direct and proximate result of the wrongful conduct in which Defendant engaged. Ms. Rosado's claims arise from the same practices and course of conduct that gives rise to the other Class members' claims.

64. **Adequacy.** Ms. Rosado is an adequate representative of the Class because her interests are aligned, and do not conflict, with the interests of the other class members. Ms. Rosado has retained counsel who are experienced and competent in complex class action litigation, including consumer contract litigation. Ms. Rosado and her counsel intend to vigorously prosecute this action for the benefit of the Class as a whole. Class members' interests will be fairly and adequately protected by Ms. Rosado and her counsel.

65. **Superiority.** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Ms. Rosado and the other class members is relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, making it impracticable for class members to individually seek redress for Defendant's wrongful conduct. Even if class members could afford individual litigation, the court system could not. Individual litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## CAUSES OF ACTION

### COUNT I

### Breach of Contract

66. Ms. Rosado and Class members repeat and allege the allegations in paragraphs 1 through 65 above, as if fully alleged herein.

67. Ms. Rosado brings this claim individually and on behalf of the other members of the Class.

68. Ms. Rosado and other Class members entered into contracts with Barry University, which provided that Ms. Rosado and other Class members would pay monies, and in exchange, Defendant would provide on-campus, face-to-face academic instruction, along with a host of other educational services and extracurricular activities; on-campus housing; and a meal plan. Pursuant to these contracts, Ms. Rosado also paid Fees for services such as an on-campus gym and technology access.

69. Ms. Rosado and other Class members fulfilled their end of the bargain when they paid the monies due and owing for the Spring 2020 semester. Defendant did not. Specifically, Defendant failed to provide the agreed-upon on-campus classes, housing, meal plans, and services for which the Fees were paid for the entire Spring 2020 semester. Accordingly, Defendant breached its contract(s) with Ms. Rosado and other Class members, entitling Ms. Rosado and Class members to reimbursement of the monies paid for the unused days of on-campus classes, housing, meal plans, and services not received.

70. Defendant retained monies paid by Ms. Rosado and other Class members for the Spring 2020 semester on-campus classes, housing, meal plans, and other services for which the Fees were paid without providing them the benefit of their bargain.

71. Defendant's performance under the contracts are not excused because of the COVID-19 pandemic: the relevant contracts provide no such terms excusing performance given nationwide pandemics. Thus, Defendant should have fully refunded the pro-rated portion of any unused on-campus housing, meal plans, and Fees, as well as a refund for the diminution in value of the education received for online classes.

72. Ms. Rosado and other Class members performed their end of the contract by paying for tuition, on-campus housing, meal plans, and/or Fees.

73. As a result of Defendant's breach of contract, Ms. Rosado and the other Class members were damaged financially in that they have been deprived of the benefit of their bargain,

as described herein and in amounts to be proven at trial.

## COUNT II

### Unjust Enrichment

### (In the Alternative)

74.  Ms. Rosado and Class members repeat and allege the allegations in paragraphs 1 through 65 above, as if fully alleged herein.

75.  Ms. Rosado brings this claim individually and on behalf of the other members of the Class and in the alternative to the breach of contract claim brought on behalf of the Ms. Rosado and the other members of the Class.

76.  Ms. Rosado and other Class members conferred substantial monetary benefits on Barry University by paying their tuition, on-campus housing, meal plans, and/or Fees for the Spring 2020 semester.

77.  Barry University has accepted and retained those benefits at the expense of Ms. Rosado and other Class members, knowing that it was not providing the services for which such payments were made.  As to the on-campus housing, meal plans, and Fees, zero benefit was provided during the weeks in the Spring Semester following the closure of Barry University's campuses.  The tuition benefits were diminished when students were forced to switch exclusively to online classes.

78.  Barry University has been unjustly enriched by retaining the monies paid by Ms. Rosado and other Class members for the Spring 2020 semester for services not provided or diminished by the campus closure. Equity requires Defendant return pro-rated amounts for tuition, on-campus housing, meal plans, and/or Fees paid by Ms. Rosado and other Class members as described herein and to be proven at trial.

### REQUEST FOR RELIEF

Plaintiff, on behalf of herself and all other similarly situated, requests that the Court enter judgment as follows:

a.  For an Order determining at the earliest possible time that this matter may proceed

        as a class action under Rule 23 and certifying this case as such;

b. Declaring Defendant's policies in failing to pay refunds to herself and each Class Member to be in breach of its contract with students;

c. For herself and each Class member his or her actual compensatory damages in an amount to be proven at trial;

d. Equitable disgorgement and restitution, in an amount to be proven at trial;

e. For reasonable attorneys' fees and costs of suit;

f. For pre-judgment interest; and

g. Such further and other relief the Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all claims and issues so triable.

DATED: May 1, 2020

*/s/ Jeff Ostrow*
Jeff Ostrow FBN 121452
Jonathan M. Streisfeld FBN 117447
Joshua R. Levine FBN 91807
**Kopelowitz Ostrow**
**Ferguson Weiselberg Gilbert**
1 West Las Olas Blvd. Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
Email: ostrow@kolawyers.com
streisfeld@kolawyers.com
levine@kolawyers.com

Anna C. Haac (*pro hac vice* to be filed)
**TYCKO & ZAVAREEI LLP**
1828 L Street NW, Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
Email: ahaac@tzlegal.com

Daniel L. Warshaw (*pro hac vice* to be filed)
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
Email: dwarshaw@pswlaw.com

*Counsel for Plaintiff and the Proposed Class*