# EXHIBIT A

No *Shepard's* Signal™
As of: August 26, 2020 4:41 PM Z

# *Pinero v. Zapata*

Court of Appeal of Florida, Third District

August 19, 2020, Opinion Filed

No. 3D20-759

**Reporter**
2020 Fla. App. LEXIS 11755 *

Eugenio Antonio Perasso Pinero, Appellant, v. Ysabel Testino Zapata, Appellee.

**Notice:** NOT FINAL UNTIL DISPOSITION OF TIMELY FILED MOTION FOR REHEARING.

**Prior History:** [*1] An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge. Lower Tribunal No. 18-35315.

## Core Terms

settlement, quitclaim, deadline, deed

## Case Summary

### Overview
HOLDINGS: [1]-The trial court exceeded the limited jurisdiction it reserved for itself in the agreed order of dismissal by granting appellee's emergency motion for relief to extend the deadlines under the mediated settlement agreement because the agreement did not afford appellee with any additional extension beyond the May 1 deadline to pay the settlement sum, and the agreement included the mandatory terms "shall" throughout the relevant provisions to make clear what was required of each party.

### Outcome
Reversed and remanded.

## LexisNexis® Headnotes

Business & Corporate Compliance > ... > Contracts Law > Types of Contracts > Settlement Agreements

Civil Procedure > Appeals > Standards of Review > De Novo Review

Contracts Law > Contract Interpretation

Civil Procedure > Appeals > Standards of Review > Questions of Fact & Law

### *HN1*[ ] Types of Contracts, Settlement Agreements

Construction of contractual terms is a question of law, which an appellate court reviews de novo, provided that the language is clear and unambiguous and free of conflicting inferences. Where the contractual language is clear and unambiguous, courts may not indulge in construction or modification and the express terms of the settlement agreement control.

Governments > Courts > Authority to Adjudicate

*HN2*[ ] **Courts, Authority to Adjudicate**

Courts may not rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship of an improvident bargain.

**Counsel:** Duarte Law Firm, and Eugenio Duarte; Arnaldo Velez, for appellant.

The Law Office of Fausto A. Rosales, P.A., and Fausto A. Rosales, for appellee.

**Judges:** Before EMAS, C.J., and SALTER and GORDO, JJ.

**Opinion by:** SALTER

# Opinion

SALTER, J.

Eugenio Antonio Perasso Pinero ("Pinero") appeals a post-dismissal order which granted Ysabel Testino Zapata ("Zapata") relief from a mediated settlement agreement between the parties by extending deadlines in that agreement. Because the trial court exceeded its limited jurisdiction to enforce the terms and conditions of the mediated settlement agreement, we reverse the post-dismissal order.

*Facts and Procedural History*

This appeal arose out of an action for a partition sale of two encumbered condominium units between equal co-owners, Pinero and Zapata. The parties litigated the matter for over sixteen months before entering into a mediated settlement agreement on February 23, 2020 (the "Agreement").

The parties entered into the Agreement "freely and voluntarily, with the advice of counsel," and understood "its terms and consequences." Pursuant to the unambiguous terms of the Agreement, **[*2]** Zapata was to tender $ 200,000.00 to Pinero by April 1, 2020. If she failed to do so, then she was granted an "automatic extension" through May 1, 2020 to pay the settlement sum. Should Zapata fail to tender the required sum by May 1, she would then relinquish her interest in the subject properties to Pinero by quitclaim deed. Alternatively, if Zapata paid the settlement sum by the agreed deadline, she was also required to obtain refinancing on the properties to relieve Pinero of any further financial obligations by June 1, 2020. Again, should Zapata fail to satisfy this term in the Agreement, she was obligated to turn over her interest in the properties to Pinero through a quitclaim deed.

The parties did not include any provision for extension beyond the express provision for a single extension to May 1. They did not add provisions treating impossibility, force majeure, Act of God, or any term that might alter the mandatory "pay" or "convey" terms. To the contrary, they included a merger clause (Paragraph 25) which underscored their intention to exclude other terms from the Agreement.

Upon the parties' joint motion, on February 27, 2020, the trial court entered an agreed order approving **[*3]** the Agreement, dismissing the case, and reserving jurisdiction "to enforce the terms and conditions of the stipulation." Thereafter, on May 6, 2020, Zapata moved for emergency relief from the Agreement and for an order to deposit a quitclaim deed into the court registry. Zapata asserted that her timely performance under the Agreement had become impossible, and the purpose of the Agreement had been frustrated, due to the Covid-19 pandemic.

Following a special set Zoom hearing the day after, the trial court granted Zapata's emergency motion. The court, observing "the dire circumstances present because of the pandemic," granted Zapata an extension to pay a quarter of the remaining settlement sum by May 12, 2020, and an extension through May 18, 2020, to pay the final quarter.[1] The court also granted Zapata

---

[1] At the hearing, as well as in her emergency motion, Zapata informed the court that she had deposited half of the settlement sum into her counsel's trust account, and thus, she sought a "small extension" to pay the other half.

an extension through August 31, 2020 to obtain refinancing on the properties, and ordered her to deposit the quitclaim deed, in favor of Pinero, into the court registry.

Zapata complied with the trial court's order and subsequently filed a motion to compel enforcement of the Agreement. In turn, Pinero filed an emergency motion to stay the case pending review of the trial court's post-dismissal [*4] order. Both motions were denied by the trial court. Pinero's appeal followed.

*Analysis*

We have jurisdiction over the post-dismissal order under *Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii)* as a non-final order determining the right to immediate possession of property.

> Settlement agreements are contractual in nature and are therefore, interpreted and governed by contract law. *HN1*[] Construction of contractual terms is a question of law, which we review de novo, provided that the language is clear and unambiguous and free of conflicting inferences. Where the contractual language is clear and unambiguous, courts may not indulge in construction or modification and the express terms of the settlement agreement control.

*Commercial Capital Res., LLC v. Giovannetti, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007)* (internal quotation marks and citations omitted).

The trial court exceeded the limited jurisdiction it reserved for itself in the agreed order of dismissal by granting Zapata's emergency motion for relief to extend the deadlines under the Agreement.[2] The Agreement specified that Zapata was required to pay the settlement sum by April 1, 2020. If she failed to do so, then she was granted an automatic extension through May 1 to pay the required sum. If she failed to pay by May 1, then Pinero was entitled to a quitclaim deed. The [*5] Agreement did not afford Zapata with any additional extension beyond the May 1 deadline to pay the settlement sum. It gave her only thirty days after the initial deadline of April 1. Moreover, the Agreement includes the mandatory terms "shall" throughout the relevant provisions to make clear what is required of each party.

The trial court essentially voided the Agreement's provision requiring Zapata to turn over her interest in the properties to Pinero should she be unable to pay the settlement sum by May 1. In its place, the trial court afforded Zapata an additional extension to pay the settlement sum and to obtain refinancing on the properties. *HN2*[] The trial court exceeded its jurisdiction and effectively rewrote the terms and conditions voluntarily agreed to by the parties under the Agreement. *See Beach Resort Hotel Corp. v. Wieder, 79 So. 2d 659, 663 (Fla. 1955)* ("It is well settled that courts may not rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship of an improvident bargain.") (citations omitted).

The parties, with the advice of counsel, executed a comprehensive agreement and contemplated an extension [*6] for Zapata to pay the settlement sum if she could not pay it by the April 1 deadline. Even more, the parties agreed to "timely perform such acts that are reasonably necessary or that may be reasonably requested by the other party to effectuate the provisions" of the Agreement.

Accordingly, the trial court was obligated to enforce the mediated settlement agreement as voluntarily agreed upon by the parties. *See McCutcheon v. Tracy, 928 So. 2d 364, 364 (Fla. 3d DCA 2006)* ("[A] court may not deviate from the terms of a voluntary contract either to achieve what it might think is a more appropriate result or 'to relieve the parties from the apparent hardship of an improvident bargain.'") (quoting *Wieder, 79 So. 2d at 663*). Pinero is entitled to a quitclaim deed from Zapata per the unambiguous terms of their Agreement.

Reversed and remanded for further proceedings consistent with this opinion.

---

[2] We decline to address, as urged upon by the Appellee, the Administrative Orders recently issued by Florida courts due to the Covid-19 pandemic. The jurisdiction of a trial court for enforcing settlements is limited and differs from the court's broad authority to grant extensions of time in other settings. Compare *Paulucci v. Gen. Dynamics Corp., 842 So. 2d 797, 803 (Fla. 2003)* ("[T]he extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement."), with **Camacho v. Peoples Bank of Lakeland, 529 So. 2d 360 (Fla. 2d DCA 1988)** ("It is within the broad discretion of the trial court to grant or deny an extension of time, and the exercise of that discretion will usually be upheld unless it is totally unreasonable.").

**End of Document**