**IN THE COURT OF CLAIMS OF OHIO**

2020 JUL -8 PM 4: 03
FILED
COURT OF CLAIMS
OF OHIO

| | |
|---|---|
| TREVOR CROSS | Case No. 2020-00274JD |
| Plaintiff | Judge Dale A. Crawford |
| v. | <u>DECISION</u> |
| UNIVERSITY OF TOLEDO | |
| Defendant | |

Defendant University of Toledo (UT) has filed a motion labeled "Combined Partial Motion To Dismiss And Motion For A Definite Statement."   Plaintiff Trevor Cross opposes UT's combined motion.

## I.  Background

On April 28, 2020, Cross, on behalf of himself and all others similarly situated, filed a Verified Class Action Complaint against UT in which Cross asserted claims of breach of contract and unjust enrichment.   Cross's claims stem from UT's alleged "refusal to provide adequate restitution for tuition, room and board, fees, and other applicable costs after the Plaintiff and similarly situated students were forced to leave the University due to the Novel Coronavirus Disease of 2019 ('COVID-19') pandemic." (Complaint, ¶ 1.)  Cross asserts that he and similarly situated students "lost the benefits of in-person instruction, housing, meals, and student activities for which they had already paid or been charged by the University for an entire semester.  Plaintiff and similarly situated students seek refunds of the amounts they paid on a pro-rata basis or an equivalent reduction in amounts owing as well as other damages * * *."  (Complaint, ¶ 1.)  Cross maintains that UT informed students on March 25, 2020, that

> UToledo students with housing and meal plans who moved off campus on
> or before March 25 will receive a credit of up to $1,230. Students who

FILED
COURT OF CLAIMS
OF OHIO

2020 JUL -8  PM 4: 03

Case No. 2020-00274JD                    -2-                                    DECISION

lived in McComas Village and did not have a meal plan will receive a
credit of up to $750. Students living in Honors Academic Village with a
meal plan will receive a meal plan credit of up to $350. And students with
a commuter meal plan will receive a credit of up to $200.

Students have three options to receive these funds: a credit toward
next fall's on-campus housing; a credit toward next fall's meal plan; or a
credit applied to their student account with a refund determined after
UToledo aid, non-refundable aid, any balances owed, and federal student
financial aid are taken into consideration.  If a student chooses a fall 2020
credit option, the amount received may be treated as estimated financial
assistance for the 2020-21 academic year.

* * *

(Complaint, ¶ 40.)   Cross maintains that the credits offered by UT are inadequate.
(Complaint, ¶ 39, 41.)

Cross seeks certification of three classes: (1) "Tuition Class," (2) "Room and
Board Class," and (3) "Fee Class."[1]  Cross demands (1) certification of the proposed
classes, designation of Cross as class representative, and the appointment of Cross's
counsel as class counsel; (2) a declaration that UT is financially responsible   for

---

[1]Cross asserts "Tuition Class" should be defined as: "All people who were charged for or paid
tuition for students enrolled in classes at the University for the Spring 2020 semester who were denied
live in-person instruction and forced to use online distance learning platforms for the last quarter of the
2019-2020 academic year." (Complaint, ¶ 47.)

Cross maintains that the "Room and Board Class" should be defined as: "All people who were
charged for or paid the costs of room and board (housing and meals) for students enrolled in classes at
the University for the Spring 2020 semester who moved out of their on-campus housing prior to the
completion of that semester because of the University's policies and announcements related to COVID-
19." (Complaint, ¶ 47.)

Cross contends that the Fees Class should be defined as: "All people who were charged for or
paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester."
(Complaint, ¶ 47.)

FILED
COURT OF CLAIMS
OF OHIO

2020 JUL -8 PM 4:03

Case No. 2020-00274JD                    -3-                              DECISION

notifying the members of the proposed classes of the pendency of the lawsuit; (3) a declaration that the UT has wrongfully refused to reduce outstanding charges and that UT has wrongfully kept funds that have been paid for tuition, room and board, and fees; (4) disgorgement of amounts that have been wrongfully obtained for on-campus tuition, room and board, and fees; (5) an order requiring UT to reduce outstanding charges for tuition, room and board, and fees; (6) injunctive relief, including an order enjoining UT from refusing to reduce outstanding charges and from retaining the prorated, unused amounts paid for tuition, room and board, and fees; (7) an award of reasonable attorney fees, costs and expenses; (8) an award of pre- and post-judgment interest on any amounts awarded; and (9) an award of other relief as may be just and proper. (Complaint, ¶ 92.)

On June 1, 2020, UT filed a motion labeled "Combined Partial Motion To Dismiss And Motion For A Definite Statement." UT maintains in the motion that Cross's "tuition-refund claims" are "educational malpractice" claims, which Ohio courts do not recognize. UT also maintains that Cross's unjust enrichment claims should be dismissed pursuant to Civ.R. 12(B)(6) because such claims could be pled as an alternative to Cross's contract claims only if Cross could show that UT committed fraud or bad faith, and then only if the parties disputed the existence of the contract that governs Cross's relationship with UT. In the combined motion UT also seeks an order under Civ.R. 12(E) that would direct Cross to prepare a definite statement regarding Cross's claims of breach of contract.

Cross opposes UT's combined motion. Cross disputes UT's framing of Cross's breach-of-contract claims as educational-malpractice claims because Cross has not alleged that UT's decision to move to online classes was negligent or substantially departed from educational norms. Cross maintains that the unjust enrichment claims may be pleaded as an alternative to the contract claims and the unjust enrichment claims therefore should not be dismissed. Cross also maintains that UT's Civ.R. 12(E)

FILED
COURT OF CLAIMS
OF OHIO

2020 JUL -8  PM 4: 03

Case No. 2020-00274JD                    -4-                              DECISION

motion should not be granted because the Complaint complies with Civ.R. 8's requirements for notice pleading, and the Complaint "lays out a plain statement of the facts, a short, coherent legal theory, and an unambiguous prayer for relief."   Cross further maintains that he is not required under Civ.R. 10(D)(1) to attach a copy of the parties' contract because, as noted in the Complaint, the contract is in UT's possession.

UT maintains in its reply brief that Cross's response to UT's combined motion reduces to three propositions: (1) UT promised Cross that his courses would be taught through "live in-person instruction in a brick and mortar classroom;" (2) Cross's concession that an equitable action for unjust enrichment will not lie in the absence of fraud or bad faith when the subject of the claim is governed by an express contract; and (3) Cross refuses to respond to UT's specific requests for a definite statement about specific contract provisions that undergird Cross's tuition-refund, room-and-board-refund or student-fee-refund claims.

## II. Law and Analysis

### A. Legal Standards

A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim "is procedural and tests the sufficiency of the complaint." *Dunkle v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 13AP-923, 2014-Ohio-3046, ¶ 7, citing *Volbers-Klarich v. Middletown Mgmt.*, 125 Ohio St. 3d 494, 2010-Ohio-2057, ¶ 11, 929 N.E.2d 434.   A Civ.R. 12(B)(6) motion does not test the merits of a claim. *See Filo v. Liberato*, 2013-Ohio-1014, 987 N.E.2d 707, ¶ 15 (7th Dist.).   Whether a plaintiff can prove the facts as a plaintiff presents them is an issue for a later determination. *See Filo* at ¶ 15.   When a court is presented with a Civ.R. 12(B)(6) motion to dismiss, the "factual allegations of the complaint and items properly incorporated therein must be accepted as true. Furthermore, the plaintiff must be afforded all reasonable inferences possibly derived therefrom. * * * It must appear beyond doubt that plaintiff can prove no set of facts

FILED
COURT OF CLAIMS
OF OHIO

2020 JUL -8 PM 4: 03

Case No. 2020-00274JD                    -5-                                    DECISION

entitling [plaintiff] to relief." *Vail v. Plain Dealer Publishing Co.*, 72 Ohio St.3d 279, 280, 649 N.E.2d 182 (1995).

Civ.R. 12(E) governs a motion for definite statement.  Pursuant to Civ.R 12(E), if a pleading to which a responsive pleading is permitted "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading.  The motion shall point out the defects complained of and the details desired."  Under Ohio law, Civ.R. 12(E) "is designed to strike at unintelligibility, rather than want of detail.  Hence, a motion for a definite statement should not be granted to require evidentiary detail that may be the subject of discovery." *Columbia Gas v. Robinson*, 81 Ohio Misc.2d 15, 16, 673 N.E.2d 701 (M.C.1996), citing *Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574 (D.Nev. 1984).[2]

### B. Discussion

To support UT's request for partial dismissal under Civ.R. 12(B)(6), UT maintains that Cross's "tuition-refund" claims are "educational malpractice" claims and Cross's unjust enrichment claims could be pled as an alternative to Cross's contract claims only if Cross could show that UT committed fraud or bad faith and then only if the parties disputed the existence of the contract that governs his relationship with UT.

Cross's Complaint presents claims of breach of contract and unjust enrichment—not "tuition refund" or "educational malpractice" claims, as asserted by UT.  When a trial court determines whether an action sets forth a claim upon which relief can be granted,

---

[2]*Accord Hopewell Mtge. Invests. v. Davis*, Franklin C.P. No. 14-CV-000392, 2014 Ohio Misc. LEXIS 16429 (Aug. 4, 2014); *Nelson v. Matheney*, Franklin C.P. No. 12 CV 10430, 2013 Ohio Misc. LEXIS 10721 (Aug. 21, 2013); *Gardens v. Maher*, Hancock C.P. No. 2011 CV 218, 2011 Ohio Misc. LEXIS 7954 (Sep. 22, 2011); *Chase Bank v. Alam*, Franklin C.P. No. 10 CV 6351, 2010 Ohio Misc. LEXIS 19311 (Aug. 17, 2010); *Fogel v. Todd Dev. Co.*, Butler C.P. No. CV 2005 11 3515, 2006 Ohio Misc. LEXIS 403 (Apr. 24, 2006); *Rickard v. Clapsaddle*, Union C.P. No. 02-CV-0321, 2003 Ohio Misc. LEXIS 1173 (Feb. 19, 2003).

```
                                    FILED
                            COURT OF CLAIMS
                                 OF OHIO

                            2020 JUL -8 PM 4:03
```

Case No. 2020-00274JD                    -6-                              DECISION

a trial court should look to the body of the complaint. *Guillory v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin Nos. 07AP-861, 07AP-928, 2008-Ohio-2299, ¶ 11.  A trial court's role, however, generally does not include recasting a party's pleadings.  *See Greenlaw v. United States*, 554 U.S. 237, 243, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008) (stating that in "our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present").

Pursuant to Civ.R. 8(A), a pleading that sets forth a claim for relief "shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." According to Civ.R. 10(D)(1), when any claim is founded on an account or other written instrument, a copy of the account or written instrument "must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading."  Cross's Verified Class Action Complaint contains plain statements showing that Cross is entitled to relief and a demand for relief. The Complaint thus generally satisfies Civ.R. 8(A)(1) and (2)'s requirements.  While Cross has not appended copies of the contracts referenced in the Complaint, Cross indicates in paragraph 58 of the Complaint that the contracts are in UT's possession; such an indication by Cross satisfies Civ.R. 10(D)(1)'s requirements.

Based on the Court's review, it does not appear beyond doubt that, after all reasonable inferences are afforded in favor of Cross, Cross can prove no set of facts entitling him, or members of the proposed class, to relief based on claims of unjust enrichment.  *See generally Natl./Rs, Inc. v. Huff*, 10th Dist. Franklin No. 10AP-306, 2010-Ohio-6530, ¶ 28 (a plaintiff "must establish the following three elements to prove unjust enrichment: (1) a benefit conferred by the plaintiff upon the defendant, (2) knowledge by the defendant of the benefit, and (3) retention of the benefit by the

FILED
COURT OF CLAIMS
OF OHIO

2020 JUL -8 PM 4:03

Case No. 2020-00274JD                    -7-                              DECISION

defendant under circumstances where it would be unjust to do so without payment").
UT's request for a Civ.R. 12(B)(6) dismissal of Cross's claims of unjust enrichment is
not well taken.

   To support UT's motion for a definite statement, UT asks the Court to issue an
order directing Cross to submit a definite statement addressing certain contract
allegations referenced in paragraphs 58, 60, 67, and 73 of the Complaint. UT's request
does not claim that paragraphs 58, 60, 67, or 73 are unintelligible.  Rather, UT
essentially requests evidentiary detail that properly is the subject of discovery—not a
Civ.R. 12(E) motion.   *See Columbia Gas v. Robinson*, 81 Ohio Misc.2d 15, 16, 673
N.E.2d 701 (M.C.1996) (Civ.R. 12(E) is designed to strike at unintelligibility and a
Civ.R. 12(E) motion should not be granted to require evidentiary detail that may be the
subject of discovery).  UT's motion for a definite statement is not well taken.

### III. Conclusion

   The Court concludes that UT's "Combined Partial Motion To Dismiss And Motion
For A Definite Statement" should be denied for reasons set forth above.

_____
DALE A. CRAWFORD
Judge

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| TREVOR CROSS | Case No. 2020-00274JD |
| Plaintiff | Judge Dale A. Crawford |
| v. | <u>JUDGMENT ENTRY</u> |
| UNIVERSITY OF TOLEDO | |
| Defendant | |

*FILED COURT OF CLAIMS OF OHIO 2020 JUL -8 PM 4:03*

    For reasons set forth in the decision filed concurrently herewith, the Court DENIES Defendant University of Toledo's Combined Partial Motion To Dismiss And Motion For A Definite Statement of June 1, 2020.

_____
DALE A. CRAWFORD
Judge

cc:

| | |
|---|---|
| Drew Legando | Randall W Knutti |
| Tom Merriman | Peter E DeMarco |
| Edward S Jerse | Jeanna V Jacobus |
| 1360 West 9th Street Suite 200 | Assistant Attorneys General |
| Cleveland OH  44113 | 150 East Gay Street 18th Floor |
| | Columbus OH  43215-3130 |

009

JOURNALIZED